UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
24-60155-CR-LEIBOWITZ/AUGUSTIN-BIRCH
CASE NO. _____

18 U.S.C. § 1542
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(6)

FILED BY ____MP____ D.C.

Aug 15, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

CARLOS JOSE ABREU,
    a/k/a "C.R.V.,"

Defendant.
_____/

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Making a False Statement in a Passport Application**
**(18 U.S.C. § 1542)**

On or about October 2, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS JOSE ABREU,**
**a/k/a "C.R.V.,"**

did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant represented that his name was "C.R.V.," when in truth and in fact, and as the defendant then and there well knew, he was not "C.R.V.," in violation of Title 18, United States Code, Section 1542.

## COUNT 2
### Making a False Statement in a Passport Application
### (18 U.S.C. § 1542)

On or about October 2, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS JOSE ABREU,**
a/k/a "C.R.V."

did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for M.H.R.'s use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant represented that his name was "C.R.V.," when in truth and in fact, and as the defendant then and there well knew, his name was not "C.R.V.," in violation of Title 18, United States Code, Section 1542.

## COUNT 3
### Making a False Statement in a Passport Application
### (18 U.S.C. § 1542)

On or about October 2, 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS JOSE ABREU,**
a/k/a "C.R.V."

did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States for C.H.R.'s use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant represented that his name was "C.R.V.," when in truth and in fact, and as the defendant then and there well knew, his name was not "C.R.V.," in violation of Title 18, United States Code, Section 1542.

**COUNT 4**
**Aggravated Identity Theft**
**(18 U.S.C. § 1028A(a)(1))**

On or about October 2, 2021, in Broward County, in the Southern District of Florida, the defendant,

**CARLOS JOSE ABREU,**
a/k/a "C.R.V."

during and in relation to a felony violation of Title 18, United States Code, Section 1542, that is, willfully and knowingly making a false statement in a passport application, as charged in Count 1 of this Indictment, did knowingly possess, transfer, and use, without lawful authority, the means of identification of another person, that is, the name, place of birth, date of birth, and Social Security Number of "C.R.V.", in violation of Title 18, United States Code, Section 1028A(a)(1).

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CARLOS JOSE ABREU**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1542, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6):

   a. any conveyance, including any vessel, vehicle, or aircraft, used in the commission of such offense;

   b. any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such offense; and

   c. any property, real or personal, that was used to facilitate, or intended to be used to

facilitate, the commission of such offense.

All pursuant to Title 18, United States Code, Section 982(a)(6), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
BRIANNA COAKLEY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
24-60155-CR-LEIBOWITZ/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA

CASE NO.: _____

v.

CARLOS JOSE ABREU,
a/k/a "C.R.V."
_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
- ☐ Miami
- ☐ Key West
- ☐ FTP
- ☒ FTL
- ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

    (Check only one)
    - I   ☒ 0 to 5 days
    - II  ☐ 6 to 10 days
    - III ☐ 11 to 20 days
    - IV  ☐ 21 to 60 days
    - V   ☐ 61 days and over

    (Check only one)
    - ☐ Petty
    - ☐ Minor
    - ☐ Misdemeanor
    - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
BRIANNA COAKLEY
Assistant United States Attorney
Court ID No.   A5503184

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Carlos Jose Abreu a/k/a "C.R.V."

**Case No:** _____

Counts #: 1-3

False Statement on a Passport Application

Title 18, United States Code, Section 1542
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 2 years (Consecutive to any other sentence)
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**